**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| OLIVIA BALL, | : | CASE NO. 20-CV-2681 |
| | : | |
| Plaintiff, | : | JUDGE EDMUND A. SARGUS, JR. |
| | : | |
| vs. | : | CHIEF MAGISTRATE JUDGE |
| | : | ELIZABETH PRESTON DEAVERS |
| | : | |
| OLENTANGY LOCAL SCHOOL | : | |
| DISTRICT BOARD OF EDUC., et al. | : | |
| | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.    Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.    Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on

1

the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3.     Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information (including, but not limited to name(s), address(es), social security number(s), and phone number(s)), medical, psychological, psychiatric or counseling information, trade secrets, personnel records, student information protected from disclosure by the Family Educational Rights and Privacy Act (20 U.S.C §1232g; 34 C.F.R. Part 99) ("FERPA") or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL except with regard to the content protected as detailed herein.

**4.     Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Except as otherwise provided herein, a deposition, including portions thereof, shall not be designated CONFIDENTIAL merely because the parties, witnesses, or counsel are using a witness' name as opposed to his or her initials. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

**5.** **Protection of Confidential Material.**

    **a.** **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **b.** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        **(1)** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

        **(2)** **Parties.** Parties and employees and insurance representatives of a party to this Order.

        **(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

        **(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

        **(5)**    **Others by Consent.** Other persons only by prior written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**c.**    **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**d.**    **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents, provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**e.**    **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Fed. R. Evid.502.

**6.** **Non-Waiver.** Nothing in this Protective Order shall be deemed a waiver of the producing party's right to (a) oppose discovery on grounds other than the discovery sought constitutes or contains Confidential Information, (b) seek further or other protection than that which this Protective Order proscribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Protective Order. Furthermore, nothing in this Protective Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA, 20 USC §1232g or Ohio Revised Code section 3319.321, nor shall this Protective Order prevent any party from fulfilling the obligations and responsibilities regarding student privacy placed on it by FERPA or Ohio Revised Code section 3319.321. All persons in possession of Confidential Information shall exercise reasonable and appropriate care with respect to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of such type of classification of information is maintained.

**7.** **Filing of CONFIDENTIAL Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

> **a.** Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first follow the procedure for seeking to seal documents set forth in S.D. Ohio Local Rule 5.2.1.

**b.** Where agreement is not possible or adequate, parties will follow the procedure for seeking to seal documents set forth in S.D. Ohio Local Rule 5.2.1.

**8. Filing of Documents that Contain the Name of a Current or Former Student.**

**a.** To the extent that a brief, memorandum, pleading, or other discovery document, including deposition transcripts, that any party files with the Court references the name of a current or former Olentangy Local School District student, the parties shall follow the following terms and conditions:

1. The Parties shall not file any documents with the Court that identify students by name. Defendants shall create a pseudonym directory, using numbers as identifiers, starting with the number 0001. Names of students appearing in any documents shall be redacted and replaced by the appropriate pseudonym directory number. The directory shall not be filed with the Court; however, upon request, the directory shall be provided to the Court under seal, subject to the limitations regarding filing documents under seal.

2. To the extent any document is an education record of a student protected by state or federal law, the Board will, prior to production of the document, make a reasonable effort to notify the parent or eligible student of this order so that the parent or eligible student may seek protective action, if desired. The notification to the parent or eligible student will indicate the date on which the document will be produced in the absence of the parent or eligible student obtaining protective relief.

3. If a discovery document that a party files with the Court reveals the name of a current or former Olentangy Local School District student, and the party

6

is unable to manually change reference of the student to a pseudonym, the party shall redact the name of the student on said discovery document. Under such circumstances, the pseudonym directory shall reveal the true identity of the redacted name(s).

    **c.**    Nothing in this Order shall require counsel or the parties to refer to current or former students by psuedonyms during the course of discovery in this case, including in correspondence exchanged by counsel, during depositions, or in verbal communications. In that regard, under such circumstances, the parties and their counsel are permitted to freely refer to a current or former student by his or her full name. Instead, the restrictions set forth in this Paragraph 8 and its subsections apply only to documents filed with the Court.

**9.**    **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). In the event that a party disagrees with any confidential designation the objecting party shall continue to treat the materials as confidential and subject to the order unless the designating party agrees or the Court orders that the materials are not confidential. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**10.**    **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion and any other procedures set forth in the

7

presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**11.     Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. The Court and the parties reserve the right and ability to address reference at trial to current and former Olentangy Local School District students by name or initial at a later date, closer to trial.

**12.     Obligations on Conclusion of Litigation.**

    **a.     Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **b.     Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or

(3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

  c. **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**13. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**14. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

    **IT IS SO ORDERED**.


Dated: July 21, 2020            _s/ *Elizabeth A. Preston Deavers*_____
                                               ELIZABETH A. PRESTON DEAVERS
                                               CHIEF UNITED STATES MAGISTRATE JUDGE

| **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** | **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** |
|---|---|
| /s/ Sonia T. Walker_____<br>Sonia T. Walker (0070422)<br>**Calig Law Firm, LLC**<br>513 East Rich Street, Suite 210<br>Columbus, Ohio 43215<br>(614) 252-2300; (614) 252-2558 (fax)<br>swalker@caliglaw.com<br>*Counsel for Plaintiff* | /s/ Jessica K. Philemond_____<br>Jessica K. Philemond (0076761)<br>Elizabeth A. Braverman (0088454)<br>**SCOTT SCRIVEN LLP**<br>250 E. Broad St., Suite 900<br>Columbus, OH 43215<br>(614) 222-8686; (614) 222-8688 (fax)<br>jessica@scottscrivenlaw.com<br>elizabeth@scottscrivenlaw.com<br>*Attorneys for Defendants* |

10

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| OLIVIA BALL, | : | CASE NO. 20-CV-2681 |
| Plaintiff, | : | JUDGE EDMUND A. SARGUS, JR. |
| vs. | : | MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUC., et al. | : | |
| Defendants. | : | |

\* \* \* \* \* \* \* \* \*

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. **The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.**

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____ _____

Signature

Signature